STATE OF RHODE ISLAND                                   SUPERIOR COURT
PROVIDENCE, S.C.,

ERIN DEMPSEY and KAMI FRAVALA,
on behalf of themselves and all other persons
similarly situated, known and unknown,
                 Plaintiffs,

v.                                                      C.A. No. PC-13-3420

APPLEBEE'S SERVICES, INC., APPLEBEE'S
RESTAURANTS NORTH, LLC, APPLE
NEW ENGLAND LLC, APPLE AMERICAN
AMERICAN GROUP II, LLC,
                 Defendants.

## COMPLAINT

Plaintiffs Erin Dempsey and Kami Fravala, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, for their Complaint against Defendants Applebee's Services, Inc., Applebee's Restaurants North, LLC, Apple American Group II, LLC, and Apple New England LLC, state the following:

### NATURE OF PLAINTIFFS' CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (FLSA), the Rhode Island Minimum Wage Act (RIMWA), R.I.G.L. §28-12-1, *et seq.*, and the Rhode Island Payment of Wages Act (RIPWA), R.I.G.L. §28-14-1, *et seq.*, for Defendants' knowing and willful failure to pay Plaintiffs and other similarly-situated individuals earned minimum wages in full each week when due. Copies of Plaintiffs' consent forms, in which they agree to act as a representative Plaintiffs in this collective action under the FLSA, are attached. Ex. A.

### JURISDICTION AND VENUE

2.      This Honorable Court's jurisdiction to adjudicate this action is established by the

1

amount in controversy pursuant to R.I.G.L. §§ 8-2-13 and 8-2-14 and by virtue of Defendants'

wage payment violations pursuant to 29 U.S.C. § 216(b) and R.I.G.L. § 28-14-19.2.

3.     Venue is proper in this Court pursuant to R.I.G.L. §§ 9-4-3 and 9-4-4, because

Defendants operate restaurants in Cranston, Smithfield and Woonsocket.

4.     Plaintiffs' state claims are so related to Plaintiffs' federal claims that they form

part of the same case or controversy.

## PARTIES

5.     Plaintiffs Erin Dempsey, Kami Fravala and Defendants' other similarly situated

current and former employees at all times relevant to this action were employed by Defendants as

employees, within the meaning of 29 U.S.C. §§ 203(e)(1) and 215(a)(3) of the FLSA and R.I.G.L.

§§ 28-12-2, 28-12-3, 28-12-4.1, 28-12-4.2, 28-12-19, and R.I.G.L. §§ 28-14-2 and 28-14-19.2

(a)(b) at the Defendants' facilities in Rhode Island.

6.     Defendant Applebee's Services, Inc., is a Kansas corporation that at all times

relevant to this action operated restaurants in the State of Rhode Island, that maintains its principal

place of business at 8140 Ward Parkway, Kansas City, Missouri, 64114, that was Plaintiffs'

"employer" within the meaning of 29 U.S.C. § 203(d) and R.I.G.L. §§ 25-3-1, 25-3-3, 25-3-9,

R.I.G.L. §§ 28-12-2, 28-12-3, 28-12-19 and R.I.G.L. § 28-14-1, and that is an "enterprise" as

defined by the FLSA, 29 U.S.C. §203(r)(1) engaged in commerce or the production of goods for

commerce within the meaning of 29 U.S.C. §203(s)(1) and that is subject to the jurisdiction of

this Honorable Court.

7.     Defendant Applebee's Restaurants North, LLC, is a Delaware corporation that at

all times relevant to this action operated restaurants in the State of Rhode Island, that maintains its

principal place of business at 8140 Ward Parkway, Kansas City, Missouri, 64114, that was

Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and R.I.G.L. §§ 25-3-1, 25-3-3, 25-3-9, R.I.G.L. §§ 28-12-2, 28-12-3, 28-12-19 and R.I.G.L. § 28-14-1, and that is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1) engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1) and that is subject to the jurisdiction of this Honorable Court.

8.    Defendant Apple New England LLC, is a Delaware corporation that at all times relevant to this action operated restaurants in the State of Rhode Island, that maintains its principal place of business at 6200 Oak Tree Boulevard, No. 250, Cleveland, Ohio 44131, that is a "person" within the meaning of 29 U.S.C. § 215(a), that was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and R.I.G.L. §§ 25-3-1, 25-3-3, 25-3-9, R.I.G.L. §§ 28-12-2, 28-12-3, 28-12-19 and R.I.G.L. § 28-14-1, and that is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1) engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1) and that is subject to the jurisdiction of this Honorable Court.

9.    Defendant Apple American Group II, LLC, is a Delaware corporation that at all times relevant to this action operated a restaurant or restaurants in the State of Rhode Island, that maintains its principal place of business at 6200 Oak Tree Boulevard, No. 250, Cleveland, Ohio 44131, that was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and R.I.G.L. §§ 25-3-1, 25-3-3, 25-3-9, R.I.G.L. §§ 28-12-2, 28-12-3, 28-12-19 and R.I.G.L. § 28-14-1, and that is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1) engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1) and that is subject to the jurisdiction of this Honorable Court.

10.    Defendants are, and at all times relevant to this action were, engaged in related activities performed through unified operations or common control for a common business

3

purpose, and Defendants are, and at all times relevant to this action were, an enterprise within the meaning of the FLSA.

11.     Defendants' tipped employees handled goods moving in the stream of interstate commerce, including perishable foods, other food products and alcoholic beverages.

## NATURE OF PLAINTIFFS' CLAIMS

12.     Defendants owned and operated eight (8) Applebee's restaurants within the state of Rhode Island, three (3) in Providence County, and employed Plaintiffs and others similarly situated during the three (3) years immediately preceding the filing of this action, the "limitations period" for this FLSA and State Wage collective action as determined by 29 U.S.C. § 255(a) and R.I.G.L. § 28-14-19.2.

13.     During their employment with Defendants, Plaintiffs were not exempt from the provisions of the FLSA, RIMWA or the RIPWA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiffs and those similarly situated whom Defendants or their predecessors employed as tipped employees allege and incorporate by reference the allegations in the preceding paragraphs of this complaint.

15.     With respect to the claims under the RIMWA and RIPWA, Plaintiffs seek to represent a Class comprising all persons that Defendants employed as tipped employees at any time during the past three years, through and including the present, in violation of R.I.G.L. § 28-12-5 and/or 29 U.S.C. § 203(m) because Defendants: (1) required tipped employees to perform tasks outside the duties of their tipped positions; (2) did not inform Plaintiffs and others similarly situated of the provisions of Subsection 3(m) and/or R.I.G.L. § 28-12-5 and its supporting requirements and/or regulations; and (3) did not pay Plaintiffs in full each week when due.

4

16.   Plaintiffs seek certification of this lawsuit as a class action in order that their rights and those of the Class, as they relate to the tip-credit provisions of the FLSA, RIMWA and RIPWA, and any other damages, be resolved.

17.   This action is brought pursuant to the class action provisions of Rule 23 because the Class is so numerous that joinder of all Class Members is impracticable. The precise number of Class Members has not been determined at this time, but exceeds 50 individuals. Plaintiffs and the Class Members have been equally affected by Defendants' non-compliance with the "tip-credit" provisions of the FLSA and RIMWA.

18.   Furthermore, those Class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

19.   The issues involved in this action present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the Class, if any. These common questions of law and fact include, without limitation:

(a)   Whether Defendants maintained a policy or practice that required Plaintiffs and similarly-situated individuals to perform duties outside the scope of their tipped occupations, while paying those employees less than minimum wage, in violation of the "tip-credit" provisions of the FLSA and RIMWA, and;

(b)   Whether Defendants failed to inform the tipped employees of the provisions of the Subsection 3(m), in violation of the "tip-credit" provisions of the FLSA and RIMWA.

20.   Plaintiffs, Class Members and Defendants, have a commonality of interest in the subject matter and remedy sought. Plaintiffs are able to fairly and adequately represent and protect the interests of the Class. Plaintiffs, like other members of the Class, were subjected to

Defendants' policies and practices that resulted in a failure to compensate them at the lawful minimum wage pursuant to Rhode Island and federal law. Plaintiffs' job duties were typical of the duties of the Class members. Individual actions by each member of the Class affected by Defendants' unlawful practices, would result in a multiplicity of actions, creating a hardship to Plaintiffs, the Class Members, to Defendants and to this Honorable Court. The damages suffered by the individual Class Members are small compared to the expense and burden of individually prosecuting those cases against Defendants. Accordingly, a class action is the superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled. Plaintiffs' counsel is competent and experienced in litigating complex wage-and-hour class and collective action litigation.

21.    There are numerous similarly-situated current and former employees of Defendant who have suffered from and remain underpaid as a result of Defendants' Systematic and Willful Wage & Hour Violations, who would benefit from the issuance of a Court-supervised notice of this FLSA Collective Action and the opportunity to join. The FLSA Collective Plaintiffs are known to the Defendants and their names and addresses are readily available and ascertainable from the Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS COMMON TO ALL CLAIMS

22.    Plaintiffs and those similarly situated whom Defendants or their predecessors employed as tipped employees allege and incorporate by reference the allegations in the preceding paragraphs of this complaint.

23.    During the limitations period, Plaintiffs, and those similarly situated, were hired by Defendants to work in tipped occupations, and received an hourly wage below the federal and

state minimum wage.

24.     Plaintiffs and those similarly situated, were not exempt from the protections of state and federal laws, and Defendants did not label, compensate or otherwise regard Plaintiffs and those similarly situated as exempt from those laws.

25.     During the limitations period, Plaintiffs and those similarly situated were required to perform duties outside the scope of their tipped occupation, while being paid less than minimum wage. Also during said period, Defendants' tipped employees were not informed of the provisions of Subsection 203(m).

26.     These practices violate the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, specifically Section 201(m), the RIMWA, R.I.G.L. §28-12-1, et seq., and the RIPWA, R.I.G.L. §28-14-1, *et seq.* As a result of these unlawful practices, Plaintiffs and those similarly situated suffered a loss of wages.

27.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a) and a willful violation of state law.

## COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages
### (Collective Action)

28.     Plaintiffs and those similarly situated whom Defendants or their predecessors employed as tipped employees allege and incorporate by reference the allegations in the preceding paragraphs of this complaint.

29.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §206, for the failure to pay Plaintiffs and other similar-situated tipped employees minimum wages.

30.     Plaintiffs and similarly-situated persons are current and former tipped employees

of Defendant who are due, and who have not been paid, minimum wages as required by the Act.

31.    Plaintiffs bring this Count as a collective action pursuant to 29 U.S.C. §216(b). A copy of Plaintiffs' consent forms to act as representative Plaintiffs are attached hereto. Ex. A.

32.    Plaintiffs and other similarly-situated employees worked as servers and in other tipped positions.

33.    Defendants paid such employees a "tip credit" rate; that is, a regular hourly rate less than the applicable full minimum wage.

34.    Defendants regularly required servers and other tipped employees to perform non-tipped duties, but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties. Defendants failed to inform their tipped employees, including Plaintiffs, of the tip-credit provisions of the FLSA.

35.    Defendants' practices violated the minimum wage provisions of the FLSA by failing to compensate Plaintiffs and similarly-situated individuals consistent with the minimum wage provisions.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of all earned but unpaid wages due to Plaintiffs and similarly-situated employees;

B.    Liquidated damages in an amount equal to the amount of unpaid compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violations of the Rhode Island Minimum Wage Act - Minimum Wages
### Violations of the Rhode Island Payment of Wage Act – Late Payment
### (Class Action)

36.     Plaintiffs and those similarly situated whom Defendants or their predecessors employed as tipped employees allege and incorporate by reference the allegations in the preceding paragraphs of this complaint.

37.     This count arises from Defendants' violation of the RIMWA, R.I.G.L. § 28-12-1, et seq. and the RIPWA, §28-14-1 *et seq.*, for Defendants' failure to pay Plaintiffs and other similarly-situated individuals earned minimum wages in full each week when due, and for Defendants' failure to pay Plaintiffs and the Class of tipped employees that they seek to represent all their earned minimum wages. Plaintiffs and the Class are current and former employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the RIMWA and RIPWA. Plaintiffs bring this Count II as a Class action under Rule 23 of the Rhode Island Rules of Civil Procedure.

38.     An employer may pay a tipped employee less than minimum wage, that is, take a "tip-credit" if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. R.I.G.L. § 28-12-5(a)-(c); 29 U.S.C. §203(m).

39.     However, Defendants had a practice of regularly utilizing tipped employees to perform non-tipped job duties, including duties performed prior to the open and after the close of the restaurant, and other work not within the scope of a tipped occupation, all the while continuing to pay them tip-credit wages while the employees were engaged in those non-tipped duties. Further, Defendants failed to inform tipped employees of the provisions of Subsection 3(m) and R.I.G.L. § 28-12-5 and its supporting requirements and/or regulations.

40.     At all time during the limitations period, the Plaintiffs are and have been similarly

9

situated because all were underpaid pursuant to Defendants' Systematic and Willful Wage & Hour Violations and subject to Defendants' policies and practices regarding assigning, requiring and accepting their work and services in their performance of substantially similar non-exempt restaurant job duties in the same restaurant with the same or substantially similar payments, subject to Defendants' decisions, supervision, policies, plans, programs, practices, procedures, protocols, routines, schedules, hours worked timekeeping, payroll reporting and record keeping practices, whereby Defendants knowingly, intentionally, recklessly and willfully maintained and enforced Defendants' Systematic and Willful Wage & Hour Violations by taking a "tip credit" for wages paid to Plaintiffs and members of the Class and failing to compensate Plaintiffs and members of the Class consistent with the minimum wage provisions of the RIMWA and RIPWA.

41.     Defendants stand jointly and severally liable to Plaintiffs and those similarly situated for willful violations of the wage payment requirements of the RIMWA and RIPWA by refusing to pay each such Plaintiff at the required rate not less than the applicable minimum wage for all hours worked.

42.     Defendants stand jointly and severally liable to Plaintiffs and those similarly situated for all unpaid wages, an additional equal amount as liquidated damages and their reasonable attorney's fees given the knowing and willful character of the Defendants' violations of the RIMWA and RIPWA.

WHEREFORE, Plaintiffs and the Class Members pray for a judgment against Defendants as follows:

A.     A determination that this action may be maintained as a Class action under Rule 23, appointing Plaintiffs as Class Representatives and their counsel as Class Counsel prompt

10

issuance of notice pursuant to R.I.G.L. § 28-14-19.2 (b) to all similarly situated members of the

FLSA Collective Action, apprising them of the pendency of this action, and permitting them to

assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C.

§ 216(b);

      B.    A declaratory judgment that the practices complained of herein are unlawful

under the cited Rhode Island statutes;

      C.    An award of all available damages, according to proof, including liquidated

damages, to be paid by Defendants as a joint and several liability to Plaintiffs and Class

Members;

      D.    A judgment that the Defendants are jointly and severally liable to the Plaintiffs

and Class Members;

      E.    Leave to amend this Complaint to add relevant claims and eligible Plaintiffs;

      F.    Pre-Judgment and post-judgment interest, as provided by law;

      G.    Liquidated damages pursuant to the formula set forth in R.I.G.L.§28-14-19.2;

      H.    Reasonable attorneys' fees and costs incurred in filing this action; and

I.     Such other, further and different relief as this Court deems just and appropriate.

Dated: July 10, 2013                    Respectfully submitted,

                                        ERIN DEMPSEY, KAMI FRAVALA,

                                        _____

                                        Charles S. Kirwan (4050)
                                        Sonja L. Deyoe (6301)
                                        Kirwan Law
                                        250-F Centerville Road
                                        Warwick, RI 02886
                                        401-681-4323
                                        401-336-2448 fax
                                        CSK@KirwanLaw.net

                                        Jamie G. Sypulski *
                                        Law Office Jamie Golden Sypulski
                                        150 North Michigan Avenue, Suite 1000
                                        Chicago, Illinois 60601
                                        312-360-0960

                                        Douglas M. Werman *
                                        Werman Law Office, P.C.
                                        77 West Washington Street, Suite 1402
                                        Chicago, Illinois 60602
                                        312-419-1008

                                        *Attorneys for Plaintiffs and
                                        proposed collective action members*

                                        *Admission pro hac vice pending*

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury

trial on all causes of action and claims with respect to which they have a right to jury trial.